**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **TERRANCE RUSH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 5:23-00368** |
| **v.** | ) | |
| | ) | |
| **WARDEN KATINA HECKARD,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's Motion to Dismiss Petition, filed on February 5, 2025. (Document No. 19.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined the record and considered the applicable law, the undersigned has concluded that the Respondent's Motion to Dismiss Petition (Document No. 19) should be granted.

## PROCEDURAL HISTORY

On May 5, 2023, Petitioner, acting *pro se*,[1] filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) Petitioner argues that the BOP is improperly failing to apply his First Step Act ("FSA") time credits because of his high recidivism risk classification. (Id.) Petitioner argues the plain language of the statute does not make the application of FSA credit dependent on security level or PATTERN scores. (Id.) As relief, Petitioner requests that the BOP be directed to correctly apply his FSA credits. (Id.) As Exhibits, Petitioner attaches the following:

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(1) A copy of Petitioner's "Request for Administrative remedy Informal Resolution Form" dated December 13, 2022 (Id., p. 4); (2) A copy of Petitioner's "Request for Administrative Remedy" dated December 19, 2022 (Remedy ID No. 1146195-F1) (Id., p. 6); (3) A copy of Warden Katina Heckard's "Administrative Remedy Response" dated December 30, 2022 (Remedy ID No. 1146195-F1) (Id., pp. 7 – 8); (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated January 15, 2023 (Remedy ID No. 1146195-R1) (Id., p. 10); (5) A copy of Mid-Atlantic Regional Director C. Gomez's Response to Petitioner's Regional Administrative Remedy Appeal dated March 8, 2023 (Remedy ID No. 1146195-R1) (Id., p. 11); (6) A copy of Petitioner's appeal to General Counsel dated March 17, 2023 (Id., pp. 14 - 15); and (7) A copy of Petitioner's "FSA Time Credit Assessment" dated January 19, 2023 (Id., pp. 18 – 19). On May 8, 2023, Petitioner paid the $5.00 filing fee. (Document No. 5.) By Order entered on May 9, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.)

On June 6, 2023, Respondent filed a "Response to Order to Show Cause." (Document No. 10.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner is not entitled to apply FTC at this time" (Id., pp. 1 – 4); and (2) "Decisions under 18 U.S.C. § 3624 are discretionary and not reviewable by the Court" (Id., pp. 4 – 9). By Order and Notice entered on June 9, 2023, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) Petitioner filed Replies on June 14, 2023, June 16, 2023, July 7, 2023, and March 11, 2024. (Document Nos. 13 – 16.)

On February 5, 2025, Respondent filed a Motion to Dismiss Petition. (Document No. 19.)

Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice also entered on February 5, 2025, the undersigned notified Petitioner of his right to file a Response. (Document No. 20.) Petitioner, however, failed to file a Response. By Proposed Findings and Recommendation ("PF&R") entered on February 24, 2025, the undersigned recommended that Respondent's Motion to Dismiss Petition as moot be granted. (Document No. 21.) Following the granting of extensions of time, Petitioner filed his Objections to the PF&R on May 6, 2025. (Document No. 33.) In his Objections, Petitioner claims his Section 2241 Petition is not moot because (1) any "unused FSA days should have been credited" towards his term of supervised release, and (2) he is again incarcerated in a BOP facility. (Id.) As an Exhibit, Petitioner attaches the following: (1) A copy of United States v. Mincey, 2022 U.S. Dist. LEXIS, 181765 (D.N.D. Oct. 4, 2022) (Document No. 33-1, pp. 1 - 3); and (2) A copy of Petitioner's "FSA Time Credit Assessment" dated June 5, 2024 (Id., p. 4).

By Order entered on June 10, 2025, Chief United States District Judge Frank W. Volk declined to adopt the undersigned's PF&R after noting that Petitioner had been rearrested and incarcerated by the BOP. (Document No. 34.) Chief District Judge Volk referred the above action anew to the undersigned "for further development of the record as necessary and submission of a new PF&R to address the change in circumstances." (Id.) By Order entered on June 12, 2025, the undersigned directed Respondent to file a reply to Petitioner's Objection/Response that his Section 2241 Petition is not moot due to his rearrest and incarceration at a BOP facility. (Document No. 36.) On the same day, Respondent filed his Reply. (Document No. 35.) Specifically, Respondent argues that Petitioner's Section 2241 Petition remains moot because revocation sentences are separate from original sentence for purposes of calculating time credits. (Id.) Respondent argues

that "[t]o the extent Petitioner wishes to challenge the application of FTCs in his new sentence, he must exhaust administrative remedies and file a new habeas petition in the Court in his new district of incarceration. (Id.) As an Exhibit, Respondent attaches a copy of Petitioner's "Judgment in Criminal Case" concerning the revocation of Petitioner's term of supervised release as filed in the United States District Court for the Northern District of Iowa. (Document No. 35-1.)

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody on June 6, 2024, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence"

of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998).

The undersigned rejects Petitioner's argument that his instant Section 2241 Petition seeking the application of earned time credits under the FSA towards his original sentence is not moot based upon his term of supervised release, rearrest, and incarceration. The record reveals that Petitioner was arrested for violating conditions of his supervised release, Petitioner's supervised release was revoked, and Petitioner was sentenced to a 24 month term of imprisonment to be followed by a four year term of supervised release. (Document No. 35-1.) For the purpose of calculating time credits, revocation sentences are separate from the original sentence. See United States v. McNeil, 415 F.3d 273, 277 (2nd Cir. 2005)("Supervised release is imposed as part of the original sentence, . . . the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast."); Chestnut v. Bureau of Prisons, 2022 WL 4348677, * 3 (D.S.C. Aug. 22, 2022)(finding revocation sentences are separate from the original sentence for the purpose of calculating time credits); McComb v. Warden, 2021 WL 1324128, * 1, fn. 1 (S.D.W.Va. Feb. 24, 2021), report and recommendation adopted, 2021 WL 1321307 (S.D.W.Va. April 8, 2021)(citations omitted)(Although the Fourth Circuit has held that a sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, courts have determined that a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating time credits.); Osborne v. Warden, 2021 WL 9494323, * 3 (S.D.W.Va. Feb. 26, 2021), report and recommendation adopted, 2022 WL 4490187 (S.D.W.Va. Sep. 27, 2022)(same). Courts have reasoned that "[t]o hold otherwise would unjustly enrich the

petitioner for new criminal conduct." Bowling v. Hudgins, 2020 WL 1918248, at *3-4 (N.D.W. Va. Mar. 16, 2020), report and recommendation adopted, 2020 WL 1917490 (N.D.W.Va. Apr. 20, 2020)(rejecting petitioner's argument that he was entitled to additional credit towards his supervised release sentence under the First Step Act). Specifically, courts explain "the deterrent and punitive purposes of a sentence would not be achieved if a defendant were allowed to build a 'time bank' ... and commit a new crime knowing he had already served his time in advance of the violation." United States v. Davila, 2020 WL 6875214, at *1 (S.D. Ga. Nov. 23, 2020); also see United States v. Johnson, 529 U.S. 53, 60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000)("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce the terms of supervised release."); Wilson v. Andrews, 2020 WL 5891457, * 7 (E.D.Va. Oct. 5, 2020)(finding that *United States v. Johnson*, 529 U.S. 53 (2000) prohibits reduction of a term of supervised release, whether through the use of overserved time or additional GCT, and that renders petitioner's Section 2241 petition as moot); Garland v. Johnson, 2019 WL 5106274, *1 (W.D. La. Aug. 12, 2019)("However, even if [petitioner] had been entitled to additional good time credit toward his sentence that he did not receive, federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment [petitioner] may be required to serve for violating the conditions of his release."). To the extent Petitioner relies upon United States v. Mincey, such is a decision from the District of North Dakota that is non-binding authority upon this Court. Accordingly, Petitioner's claims were rendered moot by virtue of his release from custody on June 6, 2024, and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145

Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.). To the extent Petitioner wishes to challenge the application of FSA credit to his new sentence, Petitioner should exhaust his administrative remedies and file a new Section 2241 Petition in the United States District Court in the district of his incarceration.[2]

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's Motion to Dismiss Petition (Document No. 19), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

[2] According to the BOP website, Petitioner is currently incarcerated at FCI Forrest City. FCI Forrest City is located in Forrest City, Arkansas. Therefore, the United States District Court for the Eastern District of Arkansas would be the appropriate district for Petitioner to file his Section 2241 Petition.

88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: June 16, 2025.




Omar J. Aboulhosn
United States Magistrate Judge