# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

TERRANCE RUSH,

    Petitioner,

v.                                                                     CIVIL ACTION NO. 5:23-cv-00368

WARDEN KATINA HECKARD,

    Respondent.

## ORDER

    Pending are Petitioner Terrance Rush's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, [ECF 1], filed May 5, 2023, and Respondent Katina Heckard's Motion to Dismiss [ECF 19], filed February 5, 2025.

## I.

    On May 8, 2023, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R [ECF 21] on February 24, 2025, finding that Mr. Rush's Petition "must be denied as moot" because Mr. Rush had been released from BOP custody. [*Id.* at 2–3]. On May 6, 2025, the Court received Mr. Rush's objections [ECF 33] to Magistrate Judge Aboulhosn's PF&R, in which he claimed that he had been re-incarcerated in a BOP facility. He provided no detail regarding his current incarceration, namely, whether it stems from a new conviction or is related to his federal sentence from Iowa. Accordingly, the Court declined to adopt the PF&R and referred the matter anew to the Magistrate Judge for further

development of the record as necessary and submission of a new PF&R to address the change in circumstances.

On June 16, 2025, Magistrate Judge Aboulhosn filed a new PF&R [ECF 37], recommending that the Court grant Respondent's Motion to Dismiss [ECF 19] and remove this matter from the Court's docket.

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on July 3, 2025. No objections were filed.

## III.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 37**], **GRANTS** Respondent's Motion to Dismiss [**ECF 19**], **DISMISSES** the Petition for Writ of Habeas Corpus [**ECF 1**], and **DISMISSES** the matter.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:   July 14, 2025

Frank W. Volk
Chief United States District Judge